

October 13, 2022

**VIA ECF**
Hon. J. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

      RE:    Smith, et al. v. Pergola 36 LLC – Case No. 22-CV-04052-LJL

Dear Judge Liman,

      This firm represents Plaintiffs Joshua Smith and Cameron Niles in connection with their race discrimination proposed class action against Defendant Pergola 36, LLC ("Pergola"). We write to compel Defendant's (1) complete document production and written responses to document requests; (2) complete responses to interrogatories; (3) amended initial disclosures compliant with Fed. R. Civ. Proc. 26(a); and (4) compel Defendant to conduct a search for electronically stored information ("ESI") responsive to Plaintiffs' discovery requests using Plaintiffs' August 31, 2022 Proposed ESI Protocol ("Plaintiffs' ESI Protocol").

      Defendant has missed every discovery deadline in the history of this litigation without prior request for an extension. While we had hoped this pattern would cease with the arrival of new defense counsel, Defendant's responses to document requests and interrogatories are two weeks overdue as of this writing and Defendant continues to ignore this Court's So-Ordered deadlines, unilaterally declaring its own *post hoc* modified deadlines in violation of the So-Ordered Case Management Plan and Fed. R. Civ. Proc. 34.

### I.    <u>Procedural History</u>

      On May 5, 2022, Plaintiffs filed their initial complaint. Dkt. No. 1. On July 14, Defendant filed a motion to dismiss. Dkt. No. 8. On August 3, the Parties filed their proposed case management plan. Dkt. No. 12. On August 10, the Parties attended an initial conference before Your Honor, in which the Court determined there would be no stay on discovery pending the amended pleadings and So-Ordered the Case Management Plan. Dkt. No. 16. On September 23, Plaintiffs filed their Amended Complaint, now alleging class claims. Dkt. No. 21.

### II.    <u>Factual Background and Defendant's Failure to Engage in Discovery</u>

      The Parties' deadline to exchange Initial Disclosures was August 24, 2022. Dkt. No. 11. Plaintiffs timely served same. By reply email on the evening of the deadline, former counsel

Michael Pappas said he needed another week and that he "assume[d]" that was not a problem. On August 29, Defendant served its Initial Disclosures. On August 31, Plaintiffs replied that Defendant's Initial Disclosures failed to comply with Fed. R. Civ. Proc. 26 in that Defendant listed names without stating the categories of relevant information that each witness was likely to have in violation of 26(A)(i) and failed to state the location of the listed categories of documents in violation of 26(A)(ii).

Also on August 31, 2022, Plaintiffs served their initial Requests for the Production of Documents and Interrogatories, as well as Plaintiff's ESI Protocol. *See* Exhibits 1, 2, and 3. Late that evening at 8:04 PM, Pappas replied that he needed an extension to September 14. Despite the lack of prior notice and the fact that Plaintiffs had already served their requests, Plaintiffs consented, asking that Defendant make any future requests for extensions prior to the evening of the deadline and ideally before Plaintiffs timely served their papers, as such extensions could be mutual rather than one-sided. Defendant agreed.

On September 8, Defendant notified Plaintiffs that it would be substituting counsel. On September 9, Plaintiffs asked Defendant again to cure the deficiencies in its Initial Disclosures. Absent a response, Plaintiffs repeated this request by email dated September 14. Defendant replied that "new counsel" would respond. On September 20, Defendant confirmed that new counsel had been retained.

Pursuant to Fed. R. Civ. Proc. 33 and Local Civil Rules 26.3 and 33.3, Defendant's responses to Plaintiffs' requests were due on September 30, 2022. That day, substitution counsel Pechman Law Group, LLP requested a three-week extension to file its amended pleading but did not request any other extensions.[1] Defendant failed to provide discovery responses by its September 30 deadline, thereby waiving objections.

By email dated October 3, Plaintiffs' counsel offered *sua sponte* an extension through October 15 without deeming objections to be waived. Plaintiffs also requested a response to Plaintiffs' ESI Protocol. Defendant refused. On October 4 and 5, Plaintiffs asked to meet and confer regarding the same. Defendant ignored these two requests to meet and confer and replied that discovery responses were "premature" because it had not yet responded to the Amended Complaint.[2] On October 6 and 7, Plaintiffs reminded Defendant of its duty to meet and confer regarding overdue discovery. Defense counsel ignored these reminders and openly refused to serve responses before November 11, asking Plaintiffs to consent to the same. Plaintiffs declined, as the deposition deadline is December 2 and fact discovery closes on December 8 (Dkt. No. 10) and thus further extension of written discovery would be prejudicial. Moreover, Defendant has not adduced "good cause" to amend the Case Management Plan pursuant to Your Honor's individual rules, SDNY case law, and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19 Civ. 3456 (LJL), 2020 WL 4978080, at *1

---

[1] While Plaintiffs consented to Defendant's request for an extension to respond to the Amended Complaint, Defendant has not sought such extension from the Court. Accordingly, pursuant to Your Honor's Individual Rules, Defendant is technically in default of Plaintiffs' Amended Complaint.

[2] This was incorrect, as FRCP 34 specifies a 30-day response time and the Court had previously determined that there would be no stay in discovery pending an Answer or other response to the Amended Complaint.

(S.D.N.Y. Feb. 24, 2020) (finding "carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy" is not "good cause" sufficient to amend a case management schedule). Again, Plaintiffs reminded Defendant of its duty to meet and confer.

Defendant ignored all requests to meet and confer until October 10,[3] when it agreed to the same but also argued that Pappas had not yet been relieved as defense counsel. Plaintiffs, therefore, contacted Pappas, but he refused to engage and wrote to the Court complaining of Plaintiff's attempt to involve him. Exhibit 4 at pp. 6-7; Dkt. No. 24. On October 12, counsel for the Parties[4] met and conferred by phone. As a compromise, Plaintiffs offered a further extension through October 31 – allotting a total of 60 days for Defendant to respond to Plaintiffs' discovery requests without deeming objections waived – asking that Initial Disclosures be supplemented, and the ESI Protocol be reviewed by that same date. Defendant rejected this proposal, refused to serve its overdue responses until November 11, and refused to provide a date by which it would respond to the ESI Protocol or amend the Initial Disclosures. When Plaintiffs' counsel objected, Pechman became irate and hung up on her.

### III. This Court Should Deem Defendant's Objections Waived and Compel Defendant Search its ESI Using Plaintiffs' ESI Protocol, Defendant's Complete Document Production, and Responses to Requests for Production and Interrogatories

This Court has held that when a defendant fails to timely respond to a plaintiff's discovery requests, that defendant has "waived all objections to the request." *Rahman v. Smith & Wollensky Rest. Grp.*, Inc., 06 Civ. 6198 (LAK) (JCF), at *2-3 (S.D.N.Y. Jan. 7, 2008) (emphasis in the original); *Eldhagar v. City of New York Dept. of Citywide Admin. Servs.*, No. 02 Civ. 9151 (KMW) (HBP), 2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003) (Pitman, M.J.) (collecting cases). "If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests" and "[a]ny other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.' *Id.* 2003 WL 22455224, at *1 (alteration in original).

No good cause exists here. While Plaintiffs have tried to accommodate the substitution of counsel by granting one extension and offering two more, Defendant never timely requested an extension of this deadline, despite knowing since at least September 8 that it would be substituting counsel, and Defendant's counsel was substituted only *after* the deadline to respond expired. There is no good cause for prior counsel's failure to respond to Plaintiffs' requests within the 30 days, nor for new counsel's continuation of this dilatory pattern. As such, Defendant has now waived all objections to Plaintiffs' discovery requests and ESI Protocol, and Plaintiffs respectfully ask this Court to compel Defendant to conduct a search for ESI using Plaintiffs' ESI Protocol, make a complete document production in response to all document requests, and provide complete responses to all interrogatories.

---

[3] This is in contravention of Your Honor's Individual Rules and Practices, Rule 4(C), which requires that counsel be available to meet and confer within 48 hours of receiving a request from the initiating party.
[4] Chloe Liederman on behalf of Plaintiffs; Vivianna Morales and Lou Pechman on behalf of Defendant.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Chloe Liederman