**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA SMITH AND CAMERON NILES,

                Plaintiffs,

-against-

PERGOLA 36, LLC,

                Defendant.

Case No. 22-CV-4052 (LJL)

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Plaintiffs Joshua Smith and Cameron Niles, by and through their attorneys, propounds the following Requests for the Production of Documents (individually, a "Request" and collectively the "Requests"), to Defendant Pergola 36, LLC for discovery, inspection and copying within thirty days after the date of service of these document requests, at Plaintiff's Counsel's Office via electronic delivery.

## INSTRUCTIONS

1.    This request for the production of documents applies to any information and/or documents in the possession, custody or control of Defendant, their accountants, attorneys, employees, officers, directors, shareholders, contractors, and other personnel, or any other persons purporting to act on Defendant's behalf, and not merely such documents as located at the Defendant's place of business.

2.    The answers to these document requests must include all information known to Defendant, including their attorneys and all persons acting on their behalf or under their control. If Defendant is unable to respond to any of the following requests in full, after exercising due diligence to secure documents to do so, please so state, and respond to the extent possible,

1

specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning the unproduced documents, and what efforts you made to secure documents sufficient to allow you to respond fully to the particular request. Respond to each and every request to the extent that you are able to provide any response thereto whether such response consists of documents within your own knowledge or what you have obtained from others. However, for every response in which you include documents received from others, provide the name, any known address, and any known phone number of the person from whom you so received such documents. And, in every such instance, state that you cannot verify such of your own personal knowledge, identifying particularly the documents for which you cannot vouch.

       3.      If Defendant refuses to answer any request for production of documents, or any portion thereof, on the basis of any claim of privilege, work product immunity, relevance, materiality, or for any other reason, then Defendant must provide in response to each such request for the production of documents, or portion thereof, the following information: (a) the type of information being claimed as privileged; (b) a general description of the subject matter of the information or document; (c) the date of the information or document; (d) the author of the information or document; (e) the names and addresses of all recipients of the information or document (including "bcc" recipients); and (f) the basis for withholding the information or document (e.g., attorney/client privilege).

       4.      If Defendant objects to any request for the production of documents or any part thereof, all parts of the document requests to which its objection does not apply are to be answered and/or produced.

       5.      If any document which is the subject of these requests was at one time in existence but was subsequently lost, discarded or destroyed, identify such documents as completely as possible, and provide the following information: (a) type of document; (b) date of document; (c)

date when the document became lost, discarded or destroyed; (d) the circumstances and manner in which it was lost, discarded, or destroyed; (e) the reason or reasons for the disposal or destruction of the document; (e) the identity of all persons authorizing or having knowledge of the circumstances surrounding the destruction or disposal of the document; and (f) the identity of all persons having knowledge of the contents of the documents.

6. Each request for production of the original document shall be deemed to call for the production of the original document or documents, to the extent directly or indirectly subject to Defendant's control. In addition, each request should be considered as including all copies, and to the extent applicable drafts of documents which, as to content, differ in any respect from the original or final draft or from each other.

7. For each request for the production of documents, identify each person who supplied information utilized in the preparation of the answers to such request.

8. These requests contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

9. All documents (and each page thereof) produced in response to this notice shall be paginated and identified as responsive to a particular enumerated request.

10. These requests include documents contained in computer or electronic form. Defendant is on notice that they have a duty to preserve in their current state all documents, including documents that exist in computer or electronic form.

11. These requests are continuing in nature; if, after answering, Defendant obtains or becomes aware of any further information responsive to these requests, a supplementary answer is required.

12. If any document contains white-out on its face, include a note indicating where the white- out appears.

## DEFINITIONS

The following definitions shall apply to this demand:

1.  The term "document" is defined in the broadest sense possible and means any medium upon or through or by which intelligence or information is recorded, in whole or in part, or from which any intelligence or information may be retrieved, including, without limitation, any writings, communications, drawings, graphs, charts, photographs, sound and video recordings, images, and other data compilations, including but not limited to e-mails, from which information can be obtained, translated, if necessary, by Defendant through detecting devices into reasonably usable form. The term includes all writings, of whatever sort or nature, whether an original, draft or a copy, however produced, kept or reproduced, in every form that information can be possessed or transcribed. The term further includes, but is not limited to, records, agreements, papers, contracts, books, handbooks, letters, correspondence, telegrams, faxes, bulletins, notices, bills, announcements, instructions, charts, manuals, journals, ledgers, surveys, brochures, schedules, memoranda, notes, notations, cards, certificates, calendar and diary entries, drafts, pamphlets, graphics, transcripts, minutes, agendas, messages, reports and recordings of telephonic or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, e-mails, text messages, disks, tapes, DVDs, CDs, microfilms and all other records kept by electronic, photographic or mechanical means, and other things similar to any of the foregoing, and copies which are not identical duplicates of the original (e.g., because handwritten or blind copy notes appear thereon or are attached thereto). The term also includes all such material now in the possession, custody or control of Defendant and Defendant's agents or others acting on their behalf, including but not limited to corporations and/or partnerships. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Defendant," "You" or "your" means the persons or entities to whom these document requests are directed and shall include all directors, officers, partners, agents, attorneys, employees, predecessors, successors, assigns, affiliates, subsidiaries, and all other persons or entities acting or purporting to act on Defendant's behalf.

3. The past tense of any request for the production of documents shall be construed to include the present tense, and *vice versa*, to make the request for the production of documents inclusive rather than exclusive.

4. The singular of any request for the production of documents shall be construed to include the plural, and *vice versa*, to make the request for the production of documents inclusive rather than exclusive.

5. The terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request for the production of documents inclusive rather than exclusive. "All" means "any and all," and "any" means "any and all."

6. "Concerning" means, in whole or in part, constituting, containing, discussing, embodying, referring to, regarding, reflecting, describing, analyzing, identifying, stating, evaluating, estimating, evidencing, accompanying, dealing with, or pertaining in any way either directly or indirectly, and either in whole or in part.

7. "Defendant Pergola" or "Pergola" or the "Company" means "Pergola 36, LLC."

8. "Plaintiffs" means "Joshua Smith and Cameron Niles"; "Smith" means "Joshua Smith"; "Niles" means "Cameron Niles." "Plaintiffs" also incorporates the singular term "Plaintiff," and its meaning encompasses either and/or both of the individual Plaintiffs in the above-captioned action.

9. "Complaint" means Plaintiffs' Amended Complaint in the above-captioned action filed on May 18, 2022 [Dkt. No. 4], and any future amended pleadings.

10. "Motion to Dismiss" means Defendant's Motion to Dismiss filed on July 14, 2022 [Dkt. No. 8].

11. Unless otherwise specified, all requests ask for all documents from January 21, 2018 to the present (i.e., the "relevant time period").

12. "The night in question" or "the night of the incident" means January 21, 2022.

13. "Patron" means any individual who has made a reservation at Pergola and/or who has ever sought admission to Pergola during the relevant time period.

## DOCUMENT REQUESTS

1. All documents, communications, and/or ESI identifying Pergola's employees, independent contractors and/or staff.

2. All documents, communications, and/or ESI identifying the job titles of Pergola's employees, independent contractors and/or staff.

3. All documents, communications, and/or ESI reflecting schedules for Pergola employees, independent contractors and/or staffs.

4. All documents, communications, and/or ESI concerning Pergola's reservations and/or reservation notes from the night in question.

5. Documents sufficient to show what platforms and/or systems Pergola uses to make and/or record customer reservations.

6. All documents, communications, and/or ESI concerning any patron reservation Pergola cancelled, including, but not limited to, all reservations cancelled by Pergola using the platforms "Opentable" and "Resy."

7. All documents, communications and/or ESI concerning Plaintiffs, including, but not limited to, Plaintiffs' January 21, 2022 reservation at Pergola.

8.  All written antidiscrimination and/or antiretaliation policies that Pergola issues to its staff.

9.  Documents sufficient to show what, if any, antidiscrimination and/or antiretaliation training Pergola employees, independent contractors and/or other staff have received from Pergola from January 1, 2021 through the present.

10. All documents, communications and/or ESI concerning Pergola's policies and/or procedures for bouncers or other door staff with respect to admitting patrons, customers, and/or clients to Pergola.

11. All documents, communications and/or ESI regarding whether and/or when Pergola patrons are required to have reservations and/or whether to admit people without reservations.

12. Documents sufficient to show any written policies regarding any cover charge or fee paid by any patron in exchange for admission to Pergola.

13. All documents, communications and/or ESI concerning any minimum spending policy for any Pergola patrons and/or any policy regarding whether and when to inform patrons about any minimum spending requirement.

14. All documents, communications and/or ESI regarding any maximum amount of time any person and/or party is allowed to remain at Pergola.

15. All documents, communications and/or ESI concerning any policies and/or training materials for employees, independent contractors, and/or other staff responsible for greeting Pergola patrons and/or making decisions about whether to admit them to the premises.

16. All documents, communications and/or ESI concerning any reports and/or complaints of race discrimination submitted by anyone, including Pergola employees, clients, patrons, and/or vendors.

17. Jason Cruz's complete personnel file.

18. All documents, communications and/or ESI wherein any aspect of this litigation is mentioned and/or referred.

19. All documents, communications and/or ESI regarding race discrimination at Pergola.

20. All documents, communications and/or ESI concerning Pergola's dress code and/or dress code policy.

21. All documents, communications and/or ESI defining or describing the meaning of "business casual" as that term is used by Pergola regarding its dress code.

22. All documents, communications and/or ESI reflecting that Pergola's dress code and/or enforcement of its dress code may vary depending on time of day and/or area of Pergola's premises.

23. All documents, communications and/or ESI concerning any investigation Defendant performed regarding any of the facts alleged in the Complaint.

24. All documents, communications and/or ESI regarding any aspect of the news story: "2 Brooklyn men suing Manhattan restaurant, claim racial discrimination," published at *https://bronx.news12.com/2-brooklyn-men-suing-manhattan-restaurant-claim-racial-discrimination*.

25. All documents, communications and/or ESI concerning any online review alleging racism, race-based decision making, and/or race discrimination at Pergola.

26. All documents, communications and/or ESI concerning any online review that refers to Pergola's dress code.

27. All documents, communications and/or ESI concerning any online review wherein

the reviewer claims that Pergola's door staff objected to any aspect of their attire.

28. All photographs and/or videos of patrons inside Pergola.

29. All photographs and/or videos of patrons at the entrance of Pergola, including, but not limited to, all photographs and/or videos of Plaintiffs.

30. All documents, communications and/or ESI forwarding any letter from Crumiller, P.C. to anyone other than defense counsel.

31. All documents, communications and/or ESI seeking a referral to any prospective legal counsel for any dispute concerning alleged discrimination.

32. All texts, emails and electronic messages between any employees and/or owners and/or founders of Pergola concerning any patron and/or attempted patron's race and/or skin color.

33. All texts, emails, and/or electronic messages between any employees and/or owners and/or founders of Pergola concerning any patron and/or attempted patron's clothing.

34. A true and correct copy of Pergola's liquor license.

35. All documents, communications and/or ESI concerning any allegations in the Amended Complaint.

36. All documents, communications and/or ESI concerning responses by Defendants to any claims, lawsuits, administrative charges, or complaints that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

37. All documents, communications and/or ESI concerning any comments about race discrimination at Pergola, including, but not limited to, any such comments made by patrons and/or Pergola staff.

38. All documents, communications and/or ESI concerning Pergola's participation in any Equal Employment Opportunity Commission, New York City Commission on Human Rights

9

or New York State Division of Human Rights related proceeding or event, including, but not limited to, a conference, mediation, interview, or meeting.

39. Copies of any policies of liability insurance that may indemnify or reimburse Defendant for payments made to satisfy a judgment rendered as a result of this action.

40. All statements obtained from anyone that refer or relate to any allegation of the Amended Complaint or any defense in the Motion to Dismiss.

41. All documents and communications concerning Defendant's retention of an expert witness in connection with this litigation.

42. All documents and communications concerning any investigation, report or finding made by an expert retained in connection with this litigation.

43. All documents, communications and/or ESI received through any third-party subpoena in connection with this action.

44. All documents, communications and/or ESI received from any third-party witness in this action, including but not limited to witness statements and/or affidavit(s).

45. All documents, communications and things not produced in response to any of the foregoing requests that Defendant may seek to introduce at the trial of this action, or that pertain to the matters alleged in the Amended Complaint or that Defendant may use for impeachment purposes.

46. Any other document(s), communications and things upon which Defendant relies to support their defenses and affirmative defenses.

Dated: Brooklyn, New York
       August 31, 2022

                                                        CRUMILLER P.C.

                                                        Chloe Liederman
                                                        Hilary J. Orzick
                                                         16 Court, Ste 2500
                                                        Brooklyn, NY 11241
                                                        (212) 390-8480
                                                        chloe@crumiller.com
                                                        hilary@crumiller.com
                                                        Attorneys for Plaintiffs

To: Michael P. Pappas
Michael P. Pappas Law Firm, P.C.
3 Columbus Circle, 15th Floor
New York, NY 10019
michael@papaslawfirm.com
Attorneys for Defendant

11