**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA SMITH AND CAMERON NILES,<br><br>        Plaintiffs,<br><br> -against-<br><br>PERGOLA 36, LLC,<br>        Defendant. | **Case No. 22-CV-4052 (LJL)** |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

**PLEASE TAKE NOTICE**, that pursuant to Rule 33 of Federal Rules for Civil Procedure and Local Civil Rules 26.3 and 33.3 of the United States District Court of the Southern District of New York that, Plaintiffs Joshua Smith and Cameron Niles ("Plaintiffs" or "Smith and Niles"), through their attorneys, Crumiller P.C., hereby request that Defendant Pergola 36, LLC ("Defendant") answer under oath the following written Interrogatories, separately and fully in writing, within thirty days after the date of service of these Interrogatories. The answers hereto should include all information known up to the date of service of Defendant's responses.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Fed. R. Civ. P. 26(e)(1)(A), Defendant is under a duty to supplement and amend their disclosures if Defendant discovers that in some material respect the information disclosed herein is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing.

1

## DEFINITIONS

The following definitions shall apply to these interrogatories:

1.  The term "document" is defined in the broadest sense possible and means any medium upon or through or by which intelligence or information is recorded, in whole or in part, or from which any intelligence or information may be retrieved, including, without limitation, any writings, communications, drawings, graphs, charts, photographs, sound and video recordings, images, and other data compilations, including but not limited to e-mails, from which information can be obtained, translated, if necessary, by Defendant through detecting devices into reasonably usable form. The term includes all writings, of whatever sort or nature, whether an original, draft or a copy, however produced, kept or reproduced, in every form that information can be possessed or transcribed. The term further includes, but is not limited to, records, agreements, papers, contracts, books, handbooks, letters, correspondence, telegrams, faxes, bulletins, notices, bills, announcements, instructions, charts, manuals, journals, ledgers, surveys, brochures, schedules, memoranda, notes, notations, cards, certificates, calendar and diary entries, drafts, pamphlets, graphics, transcripts, minutes, agendas, messages, reports and recordings of telephonic or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, e-mails, text messages, disks, tapes, DVDs, CDs, microfilms and all other records kept by electronic, photographic or mechanical means, and other things similar to any of the foregoing, and copies which are not identical duplicates of the original (e.g., because handwritten or blind copy notes appear thereon or are attached thereto). The term also includes all such material now in the possession, custody or control of Defendant and Defendant's agents or others acting on his behalf. A draft or non-identical copy is a separate document within the

meaning of this term.

2. "Defendant," "you" or "your" means the persons or entities to whom these interrogatories are directed and shall include all agents, attorneys, and all other persons or entities acting or purporting to act on Defendant's behalf.

3. The past tense of any interrogatory shall be construed to include the present tense, and *vice versa*, to make the interrogatory inclusive rather than exclusive.

4. The singular of any interrogatory shall be construed to include the plural, and *vice versa*, to make the interrogatory inclusive rather than exclusive.

5. The terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the interrogatory inclusive rather than exclusive. "All" means "any and all," and "any" means "any and all."

6. "Concerning" means, in whole or in part, constituting, containing, discussing, embodying, referring to, regarding reflecting, describing, analyzing, identifying, stating, evaluating, estimating, evidencing, accompanying, dealing with, or pertaining in any way either directly or indirectly, and either in whole or in part.

7. "Defendant" or "Pergola" means Pergola 36, LLC.

8. "Plaintiffs" means Joshua Smith and Cameron Niles.

9. "Amended Complaint" means the Amended Complaint filed May 18, 2022, by Joshua Smith and Cameron Niles. [Dkt. No. 4].

10. "Answer" means Defendant's Motion to Dismiss filed July 14, 2022 in this Court by Defendant [Dkt. No. 8].

## **INSTRUCTIONS**

A.  Each interrogatory and each subpart of each interrogatory shall be accorded a separate answer.  Each answer shall first set forth the interrogatory to which it is responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer.  The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

B.  Responses to requests to identify persons and documents shall be in accordance with Local Civil Rules 26.3(c)(3) and 26.3(c)(4), which are copied below:

- 26.3(c)(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

- 26.3(c)(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

C.   If you refuse to identify and/or withhold any document requested herein on the ground of privilege, you must comply with the requirements of Local Civil Rule 26.2 in setting forth the information listed therein with respect to each claim of privilege.

    D.    If you claim privilege as to any portion of an interrogatory or subpart thereof, you must answer as to other portions of the interrogatory or subpart.

    E.    Unless otherwise indicated, the timeframe for Defendant's responses shall be January 21, 2018 through the present.

## INTERROGATORIES

1. Identify all persons who have acted on Defendant's behalf in investigating the matters set forth in the Amended Complaint.

2. Identify all persons who have participated on Defendant's behalf in supplying information for use in any written Responses to these Interrogatories, excluding Defendants' legal counsel.

3. Identify all persons who have participated on Defendant's behalf in searching for and/or locating and/or supplying documents responsive to Plaintiffs' First Set of Document Requests, excluding Defendants' legal counsel.

4. Identify all persons whose personal devices have been searched, including but not limited to personal cell phones and computers, for relevant documents and/or documents responsive to Plaintiffs' First Set of Document Requests.

5. Identify all persons who have written or provided any report, statement, affidavit, declaration or other document concerning any of the matters set forth in the Amended Complaint.

6. Identify every system, server, and/or location – physical or otherwise – containing Defendant's documents responsive to Plaintiffs' document requests.

7. Identify all persons who witnessed or have knowledge of any fact concerning any of the events alleged in the Amended Complaint.

8. Identify all persons whom Defendant has notified of this legal action, excluding Defendant's legal counsel.

9. Identify all current owners of Pergola.

10. Identify all persons currently employed as bouncers and/or security personnel at Pergola.

11. Identify all persons formerly employed as bouncers and/or security personnel at Pergola.

12. Identify all persons currently employed as managers at Pergola.

13. Identify all persons formerly employed as managers at Pergola.

14. Identify the decisionmaker and/or all persons who participated in the decision to cancel Plaintiffs' reservation on the night of January 21, 2022.

15. Identify all persons who have knowledge of the reasons why Pergola cancelled Plaintiffs' reservation on the night of January 21, 2022.

16. Identify all persons who were working as managers and/or bouncers and/or security guards at Pergola on the night of January 21, 2022.

17. Identify all persons who have sent Pergola any written complaint, either formal or informal, regarding any kind of race discrimination at Pergola.

18. Identify all persons to whom Defendant claims to have denied entry based on their attire.

19. Identify all persons whose reservations Pergola has cancelled.

20. Identify all persons to whom Pergola denied entry notwithstanding the fact that such persons had a reservation.

21. Identify all witnesses whom Defendant intends to call at the trial of this action.

22. Identify any expert witnesses Defendant has retained in connection with this case.

Dated: Brooklyn, New York
       August 31, 2022

                                            CRUMILLER P.C.

                                            Chloe Liederman
                                            Hilary J. Orzick
                                            16 Court, Ste 2500
                                            Brooklyn, NY 11241
                                            (212) 390-8480
                                            chloe@crumiller.com
                                            hilary@crumiller.com
                                            Attorneys for Plaintiffs

To: Michael P. Pappas
Michael P. Pappas Law Firm, P.C.
3 Columbus Circle, 15th Floor
New York, NY 10019
michael@papaslawfirm.com
Attorneys for Defendant