```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SMITH, et al.,                                                   :
                                                                 :
                         Plaintiffs,                             :
                                                                 :         22-cv-04052 (LJL)
          -v-                                                    :
                                                                 :         MEMORANDUM &
PERGOLA 36 LLC,                                                  :         ORDER
                                                                 :
                         Defendant.                              :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2222
```

LEWIS J. LIMAN, United States District Judge:

On October 13, 2022, Plaintiffs moved to (1) compel discovery; (2) deem the objections of Pergola 36 LLC ("Defendant") to Plaintiffs' discovery requests and ESI protocols waived; and (3) require Defendant to amend its initial disclosures so that they comply with Fed. R. Civ. Proc. 26(a). Dkt. No. 26. Defendant requests that the Court extend the deadline for Defendant to respond to Plaintiffs' second amended complaint to October 28, 2022 and to extend the deadline by which Defendant must respond to Plaintiffs' discovery requests. Dkt. No. 29. Plaintiffs' motion is granted in part and denied in part.

On August 31, 2022, Plaintiffs served their initial requests for production of documents and its proposed ESI protocol on Defendant. *See* Dkt. No. 26, Exs. 1-3; Dkt. No. 12, at 2 (Case Management Plan and Scheduling Order). Defendant had 30 days to respond or object to Plaintiffs' initial requests and proposed ESI protocol. *See* Fed. R. Civ. P. 34(b)(2). During this 30-day period, Pechman Law Group PLLC was substituted as Defendant's counsel of record.[1] *See* Dkt. No. 23. Defendant, through its new counsel, requested a three-week extension to file its response to Plaintiffs' amended complaint and an extension of the deadline to respond to Plaintiffs' discovery requests until November 11, 2022, two weeks after the agreed extension to respond to the second amended complaint. Dkt. No. 29, Ex. 1, at 4. Plaintiffs agreed to extend the deadline to respond to discovery until October 15, 2022, but Plaintiffs did not consent to Defendant's request to extend the deadline until November 11, 2022. *Id.* Ex. 1, at 1-2. As of October 14, 2022, Defendant has not responded to Plaintiffs' discovery requests and ESI protocols. *See id.* at 2-3.

"[A] failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Shnyra v. State St. Bank & Tr. Co.*, 2020 WL 6892078, at *11 (S.D.N.Y. Nov. 24, 2020) (internal quotation marks and citation omitted). "Generally, courts will only impose waivers for tardiness under three conditions: (1) where there

---

[1] The exact circumstances of when Defendant substituted counsel is contested. *Compare* Dkt. No. 26, at 2, *with* Dkt. No 29, at 1-2. Here, the Court need not wade through this disagreement to reach its conclusion.

is no showing of good cause for the late response, (2) where a party has not responded to discovery requests despite court intervention, or (3) where a party has failed entirely to respond." *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011).

None of these circumstances are present here.  This is the first request by Plaintiffs to intervene in this case, and Defendant has offered a valid excuse for its delay.  Defendant substituted counsel and Defendant's new counsel promptly (and timely) requested a modest extension of the time to respond to discovery.  *See   Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, 2008 WL 4580024, at *2 (S.D.N.Y. Oct. 14, 2008), *as corrected* (Oct. 15, 2008) ("At a minimum, good cause [in a Federal Rule of Civil Procedure 16(b) context] requires a showing . . . of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (internal quotation marks and citations omitted).  Furthermore, Plaintiffs have not established, despite their contention, that "further extension of written discovery would be prejudicial"; Plaintiffs offered Defendant an extension until October 31, 2022 to respond to discovery and raise any objections.  Dkt. No. 26, at 2-3; *see Michael Grecco Photography*, 2008 WL 4580024, at *2 ("[T]he court may consider other factors, including, in particular, potential prejudice to the opposing party.").  In these circumstances, a two-week delay, without more, is generally insufficient to impose the "harsh sanction of forfeiture of objections." *Callaway Golf Co. v. Corp.* 2011 WL 1642377, at *2 (S.D.N.Y. Apr. 25, 2011) (finding that a twenty-two day delay with a valid explanation did not warrant a waiver of defendant's objections).

Accordingly, Plaintiffs' motion to compel discovery and deem Defendant's objections to Plaintiffs' discovery requests and ESI protocols waived is denied.  The Court grants the agreed request to extend the deadline for Defendant to respond to Plaintiffs' second amended complaint to October 28, 2022 and orders that Defendant serve its responses to Plaintiffs' pending discovery requests by October 31, 2022, the "compromise" proposed by Plaintiffs.  Dkt. No. 26, at 3.  If Defendant fails to respond to Plaintiffs' discovery requests by that date, the Court will deem any objections it may have to Plaintiffs' discovery requests waived.

Because Defendant's initial disclosures are not before the Court, the Court cannot determine whether Defendant's initial disclosures failed to comply with Federal Rule of Civil Procedure 26(a).  Accordingly, the Court denies the motion for the Court to order revised initial disclosures, while reminding counsel of the duty to timely update initial disclosures.

The Clerk of Court is respectfully directed to close Dkt. No. 26.

SO ORDERED.

Dated: October 17, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge